IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

SHARON LeMASTERS, )
)
           Plaintiff, )
)
           v. )    No. 11-5037-SSA-CV-SW-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
           Defendant. )

## ORDER

Plaintiff Sharon Lemasters seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on May 29, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Sharon Lemasters was born in 1957.  She has a high school education and training as a nurse's assistant.  Plaintiff has past relevant work as a cake decorator and boot assembler.  She alleges an onset of disability beginning on September 7, 2006.  In her disability report, plaintiff alleges disability due to spinal stenosis, arthritis in the spine, bulging discs, high blood pressure and depression.

The Administrative Law Judge (ALJ) found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2009.  The ALJ also found that plaintiff has not engaged in substantial gainful activity since August 8, 2006, plaintiff's alleged onset date.  The ALJ determined the evidence supported that plaintiff suffered from the severe impairment of degenerative disc disease.  The ALJ found plaintiff's additional alleged impairments were nonsevere in nature.  The ALJ further determined that plaintiff's impairments or combination of impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  After consideration of the record as a whole, the ALJ determined plaintiff retained the residual functional capacity (RFC) to perform light exertional

2

work.  Specifically, the ALJ found that plaintiff is able to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; push and/or pull consistent with lifting/carrying limitations; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in 8-hour workday; balance and kneel; occasionally climb ladders, ropes, scaffolds, and stairs; and bend, stoop, crouch and crawl.  Based on this RFC determination, the ALJ further determined that in comparing plaintiff's RFC with the physical and mental demands of her past relevant work, she is able to perform the cake decorator job as generally performed and the boot assembler job as actually performed.  The ALJ determined that, based on such ability to work, plaintiff was not disabled, as defined by the Social Security Act from August 8, 2006, through the date of the ALJ's decision on April 22, 2009.

Plaintiff argues that the ALJ erred in determining her RFC.  Plaintiff argues that the RFC is not supported by the medical evidence, and the ALJ seemed to rely upon the opinion of a non-examining state agency consultant who is not a physician.  Plaintiff also argues the ALJ improperly discounted plaintiff's credibility.

Defendant argues the ALJ properly considered plaintiff's subjective complaints and the medical evidence when determining her RFC and properly found plaintiff not disabled under the Social Security Act.

Upon review, this Court finds the ALJ's decision that plaintiff is not disabled, as defined under the Social Security Act, is supported by substantial evidence in the record.

<u>ALJ Did Not Err in Discounting Plaintiff's Credibility</u>

"Where adequately explained and supported, credibility findings are for the ALJ to make."  <u>Lowe v. Apfel</u>, 226 F.3d 969, 972 (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  <u>Dixon v. Barnhart</u>, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  <u>Id.</u>  <u>See also</u> <u>Finch v. Astrue</u>, 547 F.3d 933, 935-36 (8th Cir. 2008); <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

Here, the ALJ properly performed a credibility analysis in determining plaintiff's RFC. The ALJ specifically discussed the medical and other evidence and explained the basis for his credibility finding. In his decision, the ALJ considered plaintiff's medical evidence, daily activities, medication, precipitating and aggravating factors, failure to seek regular mental health treatment, successful back surgery, and inconsistencies between her claims and the evidence contained in the record as a whole, and found that plaintiff's allegations were not entirely credible. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (factors to be considered in evaluating a claimant's subjective complaints). A reviewing court is not to disturb the decision of the ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999). There is substantial evidence in the record to support the ALJ's determination that plaintiff's symptoms were disproportionate to the findings in the medical evidence and the expected severity of her condition.

### ALJ Did Not Err in Weight Given to Medical Evidence

Here, the ALJ thoroughly discussed the medical evidence in the record. The ALJ did not err in discounting the medical opinion of plaintiff's physical therapist, Mr. Collier. Collier is not considered an "acceptable medical source" under the Code of Federal Regulations, but rather, is considered an "other medical source." 20 C.F.R. § 404.1513. As an "other medical source," the opinions of Collier cannot establish the existence of a medically determinable impairment, but can be considered in determining the severity and functional effects of plaintiff's impairments. See section 404.1513 (defining "acceptable medical sources" and "other medical sources"). Further, the ALJ has more discretion and is permitted to consider any inconsistencies found within the record when evaluating "other medical sources." Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005). See also Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007) (discussing "other medical sources" and weight given to their opinions). Here, the ALJ discussed Collier's findings as inconsistent with Collier's own medical records, as well as inconsistent with the records from plaintiff's treating physicians, Drs. Manzer and Ipsen, and the Work Performance Evaluation, all of which support a finding that plaintiff could work at a light level of activity. Moreover, the ALJ noted that at the end of Collier's medical source statement, he stated plaintiff

4

was scheduled to take a functional capacity examination the next week (the work performance evaluation) and this would more specifically lead to appropriate answers to the questions presented on the checklist medical source opinion he was providing. The functional capacity examination (a/k/a work performance evaluation), as listed above, resulted in a finding that plaintiff could perform a light level of work activity.

Plaintiff's argument that the ALJ relied on the opinion of a single decision-maker, S. Shifflet, who was not a medical source, is unsupported by the evidence. The ALJ does not discuss the statement completed by Shifflet in his decision, but did discuss a number of other treating source opinions which supported his RFC that plaintiff could do light work.

This Court finds the ALJ properly considered the evidence in the record as a whole, and that the ALJ's RFC is supported by substantial evidence in the record.

## Ability to do Past Relevant Work

Plaintiff did not sustain her burden of proving she was incapable of returning to her past relevant work. With the assistance of a vocational expert, the ALJ properly determined that plaintiff could perform her past relevant work as a boot assembler, as she performed the work, and as a cake decorator, as the work is generally performed in the national economy. Because plaintiff could do her past relevant work, the ALJ's determination that plaintiff was not disabled under the Social Security Act was proper.

## Conclusion

The ALJ did not err in determining plaintiff was not disabled as defined by the Social Security Act. There is substantial evidence in the record to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of Commissioner is affirmed and this case is closed.

Dated this 29th day of June, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge